IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:17CR246 |
| vs. | ORDER |
| ORLANDO J. LASLEY, | |
| Defendant. | |

This matter is before the Court on Defendant Orlando Lasley's ("Defendant") Motion to Review Detention and Request for Hearing. ([Filing No. 93](#).) The motion will be denied without hearing.

On July 26, 2017, Defendant appeared for an initial appearance and arraignment in this case. Defendant was released on conditions, including supervision by Pretrial Services. (Filing Nos. 8, [11](#).) On August 23, 2017, the case was scheduled for a jury trial to begin on September 12, 2017. ([Filing No. 16](#).)

On September 11, 2017, Pretrial Services filed a Petition for Action on Conditions of Pretrial Release, stating that Pretrial Services had been unable to locate Defendant in August and September; Defendant had failed to telephonically report to Pretrial Services in August and September; and Defendant had failed to submit proof of employment. ([Filing No. 35](#).) An arrest warrant was issued and Defendant was taken into custody the following day when he reported for the jury trial. ([Filing No. 40](#).) Defendant remained in custody through the duration of the trial.

A jury convicted Defendant on both counts as charged in the Indictment. ([Filing No. 50](#).) Defendant requested release pending sentencing, but this request was denied. (Filing No. 42.) On December 11, 2017, Defendant was sentenced to 33 months imprisonment on each count, to be served concurrently. (Filing No. 58.)

Defendant appealed his conviction and the Eighth Circuit Court of Appeals found that a supplemental instruction to the jury at trial constructively amended the Indictment. Therefore, the Eighth Circuit vacated Defendant's conviction and remanded the matter for a new trial. ([Filing No. 87](#).) On April 4, 2019, a mandate was issued and a new jury trial has been scheduled for June 4, 2019. (Filing Nos. [89](#), [90](#)).

Defendant filed the instant Motion to Review Detention on April 18, 2019. ([Filing No. 93](#).) In his motion, Defendant indicates that he is currently at a federal correctional institution in Herlong, California, and has a projected release date of January 14, 2020. Defendant expects to be released to a residential re-entry center this summer—around the time of his new trial.

Defendant argues that because his conviction has been vacated, his detention and release is governed by 18 U.S.C. § 3142, and that the charges against him do not carry a presumption of detention. He further contends that the Eighth Circuit's ruling alters the decision calculus because it impacts the weight of evidence against him. *See* [18 U.S.C. § 3142(g)(2)](#). The Court is unpersuaded by Defendant's arguments.

Pursuant to 18 U. S. C. § 3142(f)(2), a detention hearing may be reopened before trial if "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." [18 U.S.C. § 3142(f)(2)](#).

Here, although Defendant's conviction was vacated and remanded for new trial by the Eighth Circuit, there are no new circumstances or information for the Court to consider relating to Defendant's risk of non-appearance or danger to the community. Based on Defendant's previous violations of pretrial release, as well as the nature of his charges, past convictions for crimes of violence, and record of previous failures to appear, Defendant should remain detained and his motion be denied.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Review Detention and Request for Hearing ([Filing No. 93](#)) is denied.

Dated this 26th day of April, 2019.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge