# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>     v.<br><br>ORLANDO J. LASLEY,<br><br>                 Defendant. | 8:17CR246<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Appeal of the Magistrate Judge's Order, ECF No. 98, filed by Defendant Orlando J. Lasley ("Defendant"). The Defendant objects to the Magistrate Judge's Order of April 26, 2019, ECF No. 19, denying the Defendant's Motion to Review Detention and Request for Hearing, ECF No. 93.

## BACKGROUND

The Defendant was charged on July 18, 2017, with assault causing serious bodily injury in violation of 18 U.S.C. § 113(a)(6) and § 1153 (Count I) and assault of an intimate or dating partner, causing substantial bodily injury, in violation of 18 U.S.C. § 113(a)(7) and § 1153 (Count II). Indictment, ECF No. 1. On July 26, 2017, he was released on conditions, ECF No. 11. On September 11, 2017, a Petition for Action on Conditions of Pretrial Release was filed, ECF No. 35, alleging violations of the Defendant's conditions of release, including his failure to communicate with his Pretrial Services Officer as directed, his failure to maintain or seek employment, and his unauthorized change of residence. The officer noted that efforts to communicate with the Defendant had been unsuccessful since August 18, 2017, and his whereabouts were unknown. *Id*. A warrant was issued for the Defendant's arrest. ECF No. 36.

The Defendant appeared for trial on September 12, 2017, and he was taken into custody on that date pursuant to the warrant for his arrest. A Pretrial Services Violations Report was filed on September 13, 2017, ECF No. 39, detailing the Defendant's non-compliance with the conditions of his release and recommending that he remain in custody pending further proceedings.

A jury returned a verdict of guilty on both Counts on September 15, 2017, and the Defendant was sentenced on December 11, 2017, to a term of 33 months custody on each Count, to be served concurrently, followed by three years of supervised release on each Count, also to be served concurrently. He was remanded to the Bureau of Prisons at the time of sentencing.

The Defendant appealed, and on February 27, 2019, the U.S. Court of Appeals for the Eighth Circuit reversed and remanded, finding that this Court's response to a jury question effectively amended the Indictment by allowing the jury to consider evidence of injuries suffered by the victim that were not specified in the Indictment. ECF No. 87, 88.

Jury trial is now scheduled to begin on June 4, 2019, and the Defendant seeks release from custody. The Magistrate Judge denied his request for release from detention, concluding that there were no new circumstances or information to consider relating to Defendant's risk of non-appearance or danger to the community. Magistrate Judge Order, ECF No. 97 at Page ID 862, citing 18 U.S.C. § 3142(f)(2). She based her decision on "Defendant's previous violations of pretrial release, as well as the nature of his charges, past convictions for crimes of violence, and record of previous failures to appear[.]" *Id.*

**STANDARD**

"Unless additional evidence is received on review, the district judge reviews an order of release or detention *de novo* on the record made before the magistrate judge." NECrimR 46.2(c); *see also* 18 U.S.C. § 3145(b).

**DISCUSSION**

No additional evidence has been received, and the Court reviews the Magistrate Judge's Order de novo on the record, including the record of the trial proceedings.

Detention is appropriate where the Government proves by clear and convincing evidence that a defendant is a danger to others or to the community, or where the Government proves by a preponderance of the evidence that a defendant is a risk of flight and that, in either case, there are no conditions or combination of conditions that will assure the safety of the community or the defendant's appearance at future court proceedings. 18 U.S.C. § 3142(e)(1). In determining whether detention is appropriate, the Court must consider the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

3

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Defendant argues that "[t]he vacation of his conviction and the appellate court's ruling, alters the decision calculus as it affects the weight of the evidence again [sic] Mr. Lasley." ECF No. 98, Page ID 866. "With the Eighth Circuit's holding that inadmissible hearsay came into evidence at Mr. Lasley's trial, the weight of the government's case has shifted substantially." *Id.* at Page ID 866-67.

This Court disagrees. The factors listed in 18 U.S.C. § 3142(g) weigh in favor of detention. Defendant is charged with crimes of violence. At trial the government demonstrated, by clear and convincing evidence, that the Defendant is a danger to others and to the community. Excluding the hearsay statement discussed in the Court of Appeals' opinion, which the jury was instructed not to consider for the truth of the matter asserted, the evidence against the Defendant was still clear and convincing. The Defendant's criminal history also includes convictions for a series of serious criminal assaults dating back to 2005. See Presentence Investigation Report, ECF No. 61, Page ID 234-36.

The Court is mindful of the fact that there was no hearing on the Pretrial Service Violation Report, ECF No. 13, because the filing of the report, the execution of the arrest warrant, and trial all occurred in quick succession. Giving the Defendant every benefit of the doubt regarding the allegations in the Petition for Action on Conditions of Pretrial Release, ECF No. 35, and the Pretrial Services Violation Report, ECF No. 39, which raised concerns of flight risk, the Court still concludes that the Government

4

demonstrated by clear and convincing evidence that the Defendant is a danger to others and to the community.

## CONCLUSION

Having considered the record in light of the factors listed in 18 U.S.C. § 3142(g), the Court agrees with the Magistrate Judge that the evidence demonstrates Defendant is a danger to other persons and to the community. The Court is not persuaded that any combination of conditions mitigate these concerns. Accordingly,

IT IS ORDERED:

1. The Defendant's Appeal, ECF No. 98, of the Magistrate Judge's Order is denied; and
2. The Magistrate Judge's Detention Order Pending Trial, ECF No. 97, is affirmed.

Dated this 10th day of May 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge